UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
KASON PARKER,

                                                                            **REPORT AND RECOMMENDATION**
                          Plaintiff,                  CV 22–2097 (GRB)(AYS)

        -against-

STATE OF NEW YORK, SUFFOLK
COUNTY SHERIFF'S OFFICE
CORRECTIONS DIVISION, SERGEANT
JOHN HICKEY #S-189, CAPTAIN
CALVIN WICKS #C-35, JOHN DOE #1
(WARDEN), JOHN DOE #2 (SERGEANT
#S-295),

                              Defendants.
---------------------------------------------------X

**SHIELDS, Magistrate Judge,**

    Pro se plaintiff Kason Parker ("Parker" or "Plaintiff") commenced this action against the State of New York (the "State" or "Defendant"), the Suffolk County Sheriff's Office Corrections Division (the "Suffolk County Jail"), Sergeant John Hickey, Captain Calvin Wicks, Warden John Doe #1, and Sergeant John Doe #2, pursuant to 42 U.S.C. § 1983 alleging constitutional violations arising from his incarceration at the Suffolk Jail. Plaintiff seeks monetary, punitive and injunctive relief.

    Presently before this Court, upon referral by the Honorable Gary R. Brown for Report and Recommendation, see Order dated 07/23/2022, is the State's motion to dismiss the Complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. See Docket Entry ("DE") [35]. As discussed below, this Court respectfully recommends that the State's motion to dismiss be granted in its entirety.

1

BACKGROUND

I.   Documents Considered

As is required in the context of this motion to dismiss, the factual allegations in the Complaint, though disputed by Defendant, are accepted to be true for purposes of this motion, and all reasonable inferences are drawn therefrom in favor of the Plaintiff.

While facts to consider in the context of a Rule 12 motion to dismiss are generally limited to those set forth in the pleadings, a court may consider matters outside of the pleadings under certain circumstances. Specifically, in the context of a Rule 12(b)(6) motion, a court may consider: (1) documents attached to the Complaint as exhibits or incorporated by reference therein; (2) matters of which judicial notice may be taken; or (3) documents upon the terms and effects of which the Complaint "relies heavily" and which are, thus, rendered "integral" to the Complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002); see Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995). Moreover. "[a] court may take judicial notice of documents filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Glob. Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006) (quoting Int'l Star Class Yacht Racing Ass'n Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998)).

Where, as here, the complaint was filed pro se, it must be construed liberally with "special solicitude" and interpreted to raise the strongest claims that it suggests. Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks omitted). Nonetheless, a pro se complaint must state a plausible claim for relief. See Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009).

The Court turns now to discuss the facts set forth in Plaintiff's Complaint, construed in his favor.

II.    Facts

   A.    Background

The Complaint's allegations stem from three separate incidents spanning from December 2021 through March 2022. Each incident is described below.

   1.    The First Incident

On December 27, 2021, Plaintiff was involved in an altercation with another inmate that resulted in unspecified charged for which a January 6, 2022 disciplinary hearing had been scheduled. See Complaint ("Compl.") at p. 6-7, DE [1]. Parker alleges that John Doe #2, a Sergeant with the Suffolk County Jail, falsely reported that Parker refused to sign the notice of charges. Id. at p. 6. Parker claims that he was not given the requisite twenty-four hours advance notice of the hearing and that this prevented him from preparing a defense and more specifically, produce a witness. Id. at p. 7. The January 6, 2022 disciplinary hearing resulted in Parker receiving a sentence of fourteen days in solitary confinement. Id. Parker alleges that he did not receive a copy of the notice of charges until after the January 6, 2022 hearing had concluded, and thus, did not know that it indicated that he had refused to sign it. Id. at p. 6. The notation of the refusal to sign involuntarily waived Parker's due process rights and left him unable to appeal. Id. Parker claims that he wrote to Warden John Doe #1 advising him of the constitutional deprivation, but both he and Captain Wicks failed to remedy the wrong. Id. at p. 7.

   2.    The Second Incident

The second allegation of a constitutional violation stems from an infraction for "refusing a direct order" that Plaintiff received on December 28, 2021, while being treated at the Stony

3

Brook University Hospital Emergency Room. Compl. at p. 8. Plaintiff alleges that he received an infraction for complaining about being improperly cuffed to the hospital bed after asking the officers who were guarding him to turn the television they were watching down because it was giving Plaintiff a headache. Id. Plaintiff alleges that the officers improperly kept both his arms cuffed which interfered with his treatment. Id.

On January 19, 2022, a hearing before Sergeant Hickey was held regarding the infraction resulting in a sanction against Plaintiff. Compl. at p. 8. Parker alleges that Sergeant Hickey refused to grant him the right to appeal the January 19, 2022 hearing decision. Id. at p. 9. Due to Sergeant Hickey's refusal, Plaintiff refused to sign the final disposition. Id. Parker wrote to Warden John Doe #1 advising him of Sergeant Hickey's refusal to grant him the right to appeal, but received no response. Id. Parker also filed a grievance which was denied. Id.

3.   The Third Incident

On February 25, 2022, Plaintiff was involved was again involved in an altercation with another inmate for which he alleges he was placed in solitary confinement after John Doe #2 falsely reported that Parker refused to sign the notice of charges. Compl. at p. 9. Parker alleges that he was not given twenty-four hours advanced notice of the charges before the March 1, 2022 hearing and was first made aware that the notice indicated the he refused to sign during the March 1, 2022 hearing. Id. Plaintiff appeal was denied by Captain Wicks. Id. at p. 10.

Overall, Plaintiff alleges that "the supervisory officials Captain Calvin Wicks #C-35, The Warden John Doe #1, Sargeant [sic] #S-295 John Doe #2,  and John Hickey Sargeant [sic] #S-189 didn't not follow their own prison rules and failed to remedy the wrong once these deprivations came to their attention." Compl. at p. 10.

4

B.  Procedural History

Plaintiff commenced this action on April 11, 2022.  See Compl. That same day Plaintiff filed a motion for leave to proceed in forma pauperis. See DE [2]. Plaintiff's in forma pauperis motion was granted on May 16, 2022. See Order dated 05/16/2022.

The State sought leave to move to dismiss the Complaint on July 18, 2022. DE [20]. On July 22, 2022, the District Court referred to the undersigned the State's request for a pre-motion conference, or in the alternative a briefing schedule, for Defendant's anticipated motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure as well as the motion itself. See Order dated 07/22/2022.  On September 19, 2022, the Court waived its pre-motion conference requirement, granted the State's request for leave to move to dismiss the Complaint, and issued a briefing schedule. See Order dated 09/19/2022.

On January 12, 2023, following the State's request for an extension of the briefing schedule, and the Court's granting thereof, the State moved to dismiss the Complaint. DE [35]. On February 21, 2023, Plaintiff filed his opposition. DE [42].

III.  The Motion to Dismiss

The State moves to dismiss the Complaint in its entirety. First, the State argues that Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 are barred by the Eleventh Amendment. The State also argues that Plaintiff's claims fail to establish the personal involvement of a State actor or individual of whom the State has control, and as a result, does not establish the first element of a viable section 1983 cause of action.

The Court now turns to the merits of the motion.

DISCUSSION

I.    Legal Principles: Standards Applicable on Motions to Dismiss

    A.    Rule 12(b)(1)

"A case may properly be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "In contrast to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6), a 'plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" MacPherson v. State St. Bank & Trust Co., 452 F. Supp. 2d 133, 136 (E.D.N.Y. 2006) (quoting Reserve Sol. Inc. v. Vernaglia, 438 F. Supp. 2d 280, 286 (S.D.N.Y. 2006)), aff'd, 273 F. App'x 61 (2d Cir. 2008); accord Tomaino v. United States, 2010 WL 1005896, at *1 (E.D.N.Y. Mar. 16, 2010). "In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions." Cunningham v. Bank of New York Mellon, N.A., 2015 WL 4104839, *1 (E.D.N.Y. July 8, 2015) (citing Morrison v. Nat'l Australia Bank, Ltd., 547 F.3d 167, 170 (2d Cir. 2008)).

A motion to dismiss for sovereign immunity under the Eleventh Amendment is properly brought pursuant to Rule 12(b)(1) as the Eleventh Amendment "reflects 'the fundamental principle of sovereign immunity [that] limits the grant of judicial authority in Art. III.'" Seminole Tribe of Fla. v. Fla., 517 U.S. 44, 64, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996) (quoting Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)).

6

B.  Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (quoting, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 119–20 (2d Cir. 2010). Facial plausibility is established by pleading sufficient factual content to allow a court to reasonably infer the defendant's liability. Twombly, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 555. Nor is a pleading that offers nothing more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," sufficient. Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 555).

District courts are "obligated to construe pro se complaint [s] liberally," Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), interpreting them "to raise the strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). Courts may not, however, read into pro se submissions claims inconsistent with the pro se litigant's allegations, Phillips v. Girdich, 408 F.3d 124, 127 (2d Cir. 2005) (citation omitted), or arguments that the submissions themselves do not "suggest," Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). Pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted).

With these standards in mind, the Court turns to assess the viability of Plaintiff's claims.

II. Sovereign Immunity

As an initial matter, the Court first observes that within the Second Circuit, the question of whether a motion to dismiss made on sovereign immunity grounds should be reviewed

under Rule 12(b)(1) or under Rule 12(b)(6) remains unresolved. See Carver v. Nassau Cnty. Interim Fin. Auth., 730 F.3d 150, 156 (2d Cir. 2013) ("[W]hether the claim of sovereign immunity constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense is an open question in the Supreme Court and the Second Circuit.") (citing Wisc. Dep't of Corr. v. Schacht, 524 U.S. 381, 391, 118 S. Ct. 2047, 141 L. Ed. 2d 364 (1998)); see also Garcia v. Paylock, 13–CV–2868 KAM, 2014 WL 298593, at *2 n. 3 (E.D.N.Y. Jan. 28, 2014) ("It is an open question in the Second Circuit whether the claims of sovereign immunity should be viewed as raising a question of subject matter jurisdiction, and thus be evaluated under Rule 12(b)(1), or as an affirmative defense analyzed under Rule 12(b)(6).").

Of importance, this "distinction is significant," because "while [a district court] must accept all factual allegations in a complaint as true when adjudicating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), ... in adjudicating a motion to dismiss for lack of subject-matter jurisdiction [pursuant to Fed. R. Civ. P. 12(b)(1) ], a district court may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits." State Emp. Bargaining Agent Coal. v. Rowland, 494 F.3d 71, 77 (2d Cir. 2007) (citations omitted). As such, in accordance with the approach taken by other district courts within this Circuit, the Court will apply the stricter standard set under Fed. R. Civ. P. 12(b)(6) while analyzing the State's sovereign immunity arguments. See Tiraco v. New York State Bd. of Elections, 963 F. Supp. 2d 184, 191 n. 6, (E.D.N.Y. 2013) (noting that "[t]his distinction [ ] does not alter the outcome" of the case because "the court [ ] considered only the pleadings and the relevant state and federal law and [drew] all inferences in Plaintiff's favor") (citations omitted); McMillan v. N.Y. State Bd. of Elections, No. 10–CV–2502 (JG)(VVP), 2010 WL 4065434, at *3 (E.D.N.Y. Oct. 15,

8

2010) (looking "only to the pleadings and to state and federal law" to resolve questions regarding sovereign immunity).

      A.      <u>The Eleventh Amendment Bars Plaintiff's § 1983 Claims</u>

The State first argues that the Eleventh Amendment bars Plaintiff's § 1983 claims against them under the doctrine of sovereign immunity. The Court agrees.

Sovereign immunity bars a suit in federal court against a state, absent the state's consent to suit or congressional abrogation of immunity. <u>See</u> <u>Seminole Tribe of Fla. v. Florida</u>, 517 U.S. 44, 54–55, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996); <u>Kostok v. Thomas</u>, 105 F.3d 65, 68 (2d Cir. 1997). "New York has not waived its immunity, nor has Congress abrogated it." <u>Jackson v. Ramirez</u>, 691 F. App'x 45, 46 (2d Cir. 2017) (summary order) (first citing <u>Trotman v. Palisades Interstate Park Comm'n</u>, 557 F.2d 35, 39 (2d Cir. 1977); and then citing <u>Dube v. State Univ. of N.Y.</u>, 900 F.2d 587, 594 (2d Cir. 1990)); <u>see also</u> <u>Walker v. NYS Justice Ctr. for the Prot. of People with Special Needs</u>, 493 F. Supp. 3d 239, 246 (S.D.N.Y. 2020) ("Congress did not abrogate the States' sovereign immunity when it enacted §§ 1983 and 1985, and New York has not waived its immunity." (citing, <u>inter alia</u>, <u>Mamot v. Bd. of Regents</u>, 367 F. App'x 191, 192 (2d Cir. 2010))); <u>see</u> <u>Haywood v. Drown</u>, 556 U.S. 729, 129 S. Ct. 2108, 2113 n. 4, 173 L. Ed. 2d 920 (2009) ("[A] plaintiff seeking damages against [a] State ... cannot use § 1983 as a vehicle for redress because a State is not a 'person' under § 1983."); <u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity...."); <u>Mateo v. Fischer</u>, 682 F. Supp. 2d 423, 429 (S.D.N.Y. 2010) (noting that the Eleventh Amendment bars federal lawsuits seeking damages under § 1983 against state entities).

9

Immunity does not apply where a plaintiff's case falls within the Ex parte Young exception. NAACP v. Merrill, 939 F.3d 470, 475 (2d Cir. 2019) (citations omitted). Ex parte Young applies only if a complaint plausibly alleges "an ongoing violation of federal law" and plaintiff seeks relief that is "properly characterized as prospective." Id. An "ongoing violation of federal law, requires a plaintiff to plausibly allege a claim that is "neither insubstantial nor frivolous." S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 133 (2d Cir. 2010). A claim is "insubstantial" for purposes of rejecting federal jurisdiction if it is, inter alia, completely devoid of merit." Id.  "Prospective" relief is distinguished from relief that is not "retrospective or designed to compensate for a past violation of federal law." In re Deposit Ins. Agency, 482 F.3d 612, 619 (2d Cir. 2007).

Here, no exception to sovereign immunity applies. There is clearly no consent to this lawsuit, and Congress has not acted to abrogate the state's immunity. Nor does Ex parte Young apply. While Plaintiff does seek the requisite prospective injunctive relief, Plaintiff has failed to plausibly allege that his claims are "neither insubstantial nor frivolous" as against the State. S. New England Tel. Co., 624 F.3d at 133.

First, the Complaint fails to allege any causal connection between a state actor and the events of three incidents. It is well-established that the Suffolk County Jail is merely an administrative arm of the County of Suffolk and lacks an independent legal identity apart from Suffolk County. Accordingly, the Suffolk Jail lacks the legal capacity to be sued. See, e.g., Hawkins v. Nassau Cty. Corr. Fac., 781 F. Supp. 2d 107, 109 at n. 1 (E.D.N.Y. 2011); see also Trahan v. Suffolk Cty. Corr. Fac., 12–CV–4353, 2012 WL 5904730, *3 (E.D.N.Y. Nov. 26, 2012) (dismissing claims against the Suffolk County Jail because it is an "administrative arm of Suffolk County, without an independent legal identity" separate and apart from the County).

10

Further, each of the three incidents in the Complaint involve allegations against County officials within the Suffolk County Jail, but the Complaint is devoid of any factual allegations that a State defendant is responsible. The Complaint contains no factual allegations that a State actor had "'a direct connection to, or responsibility for, the alleged illegal action.'" Brisco v. Rice, No. 11-CV-578 (JFB)(ETB), 2012 WL 253874, at *4 (E.D.N.Y. Jan. 27, 2012) (quoting Marshall v. Switzer, 900 F. Supp. 604, 615 (N.D.N.Y. 1995). Thus, Plaintiff's claims against the State cannot be maintained. Plaintiff's § 1983 claims are barred by sovereign immunity and no exception to sovereign immunity saves them from dismissal. Accordingly, it is respectfully recommended that the Complaint against the State be dismissed.

II.     Failure To State A Claim

Although this Court recommends dismissal of the Complaint against the State because it is barred by sovereign immunity, the Court will also address, for purposes of completeness, the merits of the Rule 12(b)(6) motion.

    A.     Plaintiff's Section 1983 Claim

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege conduct attributable to a person acting under state law that deprived plaintiff of a right secured by the Constitution of the United States. See Feingold v. New York, 366 F.3d 138, 159 (2d Cir.2004) (quoting West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988)). Therefore, a Section 1983 claim has two essential elements: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his

11

federal statutory rights, or his constitutional rights or privileges. See Quinn v. Nassau Cty. Police Dep't, 53 F. Supp. 2d 347, 353 (E.D.N.Y. 1999).

In order to state a claim under Section 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law. Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action.") (Citations and internal quotations omitted.) Here, Plaintiff has not sought relief against any named state official with any connection to any alleged wrongdoing against Plaintiff. The complaint is devoid of any mention or intimation regarding the personal involvement of a State actor or an individual over whom the State has control. Furthermore, the facts alleged without more do not result in a "sufficiently close nexus" between New York State and the Suffolk County Jail and the individually named defendants' alleged improper practices "so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974). As a result, Plaintiff has failed to state a valid 42 U.S.C. § 1983 claim against the State. Thus, it is respectfully recommended that the State's motion to dismiss Plaintiff's § 1983 claims be granted.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the State's motion to dismiss, found at docket entry No. 35 herein, be granted in its entirety.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to the State's counsel via ECF. Furthermore, the Court directs the State's counsel (1) to serve a copy of this Report and

Recommendation by first class mail to Plaintiff at the Suffolk County Correctional Facility, and (2) to file proof of service on ECF by May 3, 2023.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.  Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

Dated: Central Islip, New York
       May 1, 2023

                                             /s/ Anne Y. Shields
                                             Anne Y. Shields
                                             United States Magistrate Judge

13